**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2025-15T2

P.N.,

    Petitioner-Appellant,

v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES and UNION
COUNTY BOARD OF SOCIAL SERVICES,

    Respondents-Respondents.

_____

        Submitted July 18, 2017 – Decided July 28, 2017

        Before Judges Reisner and Suter.

        On appeal from the Division of Medical
        Assistance and Health Services, Department of
        Human Services.

        Thomas M. Wolfe, attorney for appellant.

        Christopher S. Porrino, Attorney General,
        attorney for respondent Division of Medical
        Assistance and Health Services (Melissa H.
        Raksa, Assistant Attorney General, of counsel;
        Melissa Bayly, Deputy Attorney General, on the
        brief).

PER CURIAM

P.N. appeals the November 17, 2015 final agency decision of the Division of Medical Assistance and Health Services (DMAHS) that denied her application for Medicaid benefits. We affirm.

In October 2013, a paralegal in the office of P.N.'s attorney called the Union County Welfare Board (CWB) to request information about Medicaid for P.N., and testified she was told a letter would be sent to her scheduling an appointment. P.N. was physically eligible for Medicaid, based upon an earlier pre-administrative screening. She resided in an assisted-living facility.

When P.N.'s attorney did not receive an appointment or a denial letter, in March 2014, he sent a letter to a supervisor at CWB advising that P.N. needed to apply for Medicaid. The letter requested "an appointment to present this Medicaid application." CWB responded two months later, advising P.N. to attend an appointment on June 13, 2014, and to bring with her various financial documents.

P.N.'s application for Medicaid was submitted on June 13, 2014, but she did not thereafter provide all the information required to determine her eligibility. On November 7, 2014, P.N.'s counsel was advised that P.N.'s application would be denied unless information needed to verify her income was provided by November 21, 2014. On November 26, 2014, P.N's application for Medicaid was denied because she had not provided "numerous bank statements,

bills and other documentation. [She] only provided a part of the information requested. [Her] application [was] denied for failing to provide the necessary verifications to process [the case]."

At P.N.'s request, a hearing was conducted concerning the denial of her application. On October 7, 2015, the Administrative Law Judge's initial decision affirmed the denial of Medicaid benefits to P.N., finding she was "not eligible for Medicaid because she failed to provide the requested verifications, and even if she had, her resources . . . exceeded the limit at the operative times." The November 17, 2015 final agency decision upheld the denial of benefits as appropriate because P.N's June 2014 application for Medicaid did not provide the needed information to determine eligibility before the November 26, 2014 denial.

On appeal, P.N. contends DMAHS's final agency decision was arbitrary and capricious by failing to examine all the facts, and further, that DMAHS should be estopped from denying the application retroactively to October 2013.

We review an agency's decision for the limited purpose of determining whether its action was arbitrary, capricious or unreasonable. "An administrative agency's decision will be upheld 'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'"

R.S. v. Div of Med. Ass't and Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 25 (2011)).  "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action."  E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 349 (App. Div. 2010) (alteration in original) (quoting In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J. 219 (2006)).

"Medicaid is a federally-created, state-implemented program that provides 'medical assistance to the poor at the expense of the public.'"  Matter of Estate of Brown, 448 N.J. Super. 252, 256 (App Div.) (quoting Estate of DeMartino v. Div. of Med. Assistance & Health Servs., 373 N.J. Super. 210, 217 (App. Div. 2004), certif. denied, 182 N.J. 425 (2005); 42 U.S.C.A. § 1396-1), certif. denied, __ N.J. __ (2017).  To receive federal funding, the State must comply with all the federal statutes and regulations.  Harris v. McRae, 448 U.S. 297, 301, 100 S. Ct. 2671, 2680, 65 L. Ed. 2d 784, 794 (1980).

In New Jersey, the Medicaid program is administered by DMAHS pursuant to the New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5.  The county welfare boards evaluate eligibility.  "In order to be financially eligible, the applicant

must meet both income and resource standards." Brown, supra, 448 N.J. Super. at 257 (citing N.J.A.C. 10:71-3.15).

Under DMAHS's regulations, it establishes "policy and procedures for the application process." N.J.A.C. 10:71-2.2(b). The county welfare boards exercise direct responsibility in the application process to . . . receive applications." Id. at 2.2(c). They also "[a]ssure the prompt and accurate submission of eligibility data." Id. at 2.2(c)(5). The regulations establish time frames to process an application, with the "date of effective disposition" being the "effective date of the application" where the application has been approved. N.J.A.C. 10:71-2.3(b)(1).

DMAHS's final agency decision was not arbitrary, capricious or unreasonable. P.N. did not dispute that her written application for Medicaid was submitted in June 2014, or that information was missing to determine her eligibility for benefits. When the verifying information was not provided, DMAHS properly denied the application. P.N. provides no authority for her contention that the phone call in October 2013 could substitute for a formal application consistent with DMAHS's regulations.[1] Moreover, DMAHS

---

[1] To the extent P.N. may have "outstanding unpaid medical bills incurred within the three month period prior to the month of application for Medicaid Only," the regulations provide a procedure for making application for retroactive eligibility for Medicaid, see N.J.A.C. 10:71-2.16, but the triggering date is the "month of application," not a phone call.

was correct to deny an application that did not have the information necessary to verify eligibility because Medicaid is intended to be a resource of last resort and is reserved for those who have a financial or medical need for assistance. See N.E. v. Div. of Med. Assistance & Health Servs., 399 N.J. Super. 566, 572 (App. Div. 2008).

After carefully reviewing the record and the applicable legal principles, we conclude that P.N.'s further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2025-15T2