**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5380-14T2

THOMAS LIDDELL,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

           Submitted March 29, 2017 — Decided April 5, 2017

           Before Judges Fuentes and Carroll.

           On appeal from the New Jersey Department of
           Corrections.

           Thomas Liddell, appellant pro se.

           Christopher S. Porrino, Attorney General,
           attorney for respondent (Lisa A. Puglisi,
           Assistant Attorney General, of counsel; Kevin
           J. Dronson, Deputy Attorney General, on the
           brief).

PER CURIAM

    Thomas Liddell is an inmate currently confined at the Adult

Diagnostic and Treatment Center (ADTC) in Avenel. He appeals from

the June 26, 2015 final decision of the Department of Corrections

(DOC) imposing disciplinary sanctions upon him for committing prohibited acts .256 (refusing to obey an order of any staff member) and .402 (being in an unauthorized area), in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

According to the DOC's proofs, Liddell was in the ADTC's law library at 8:20 a.m. on June 17, 2015. Senior Corrections Officer R. Bradley ordered Liddell to leave after ascertaining his name did not appear on the daily library schedule. Liddell ignored the order and remained in the library. Bradley then notified his superior officer, Sergeant Christopher Lewandowski. Lewandowski reviewed the March 5, 2015 and updated June 15, 2015 law library schedules, and the daily movement locator, and confirmed that Liddell was not on any of the schedules. Lewandowski ordered Liddell to pack his belongings and return to his housing unit. Liddell complied with this request.

On June 18, 2015, Liddell was served with the disciplinary charges. The disciplinary hearing was originally scheduled for June 23, 2015, but was postponed twice because Liddell sought confrontation of Bradley and identified two inmates from whom he wished statements. Hearing Officer Nolley conducted the hearing on June 26, 2015. Liddell pled not guilty to the charges.

At the hearing, Liddell submitted a certified statement averring he informed Bradley that he "had not received an

authorized up-to-date[] [library] schedule." He further maintained Bradley never spoke to him "directly" about his presence in the law library, nor did any ADTC staff member give him a "direct order" to leave the law library. Witness statements of inmates Mario Palomo and Douglas Zarchy were obtained by the DOC and reviewed by the hearing officer. Palomo stated Bradley did not address Liddell when he entered the law library nor order Liddell to leave. In contrast, Zarchy wrote, "Bradley sternly said that [] Liddell was not scheduled to work [in the library] that morning and was to return to his unit."

Liddell submitted confrontation questions for Bradley to answer during the hearing. In her adjudication report, Nolley noted Bradley "was direct [and] positive" that he spoke to Liddell and twice told him to leave. Further, Bradley "stated they made eye contact [and] that [Liddell] acknowledge[d] him. When [Liddell] refused to follow orders, he contacted the Sgt.[, who] had to leave his assignment [and] come to the library to order Liddell to leave for the [third] time." Nolley ultimately concluded:

> Regardless of the schedule (which he was not on) when an inmate is given an order or told to do something by staff they must follow orders. There are reasons for charges [and] the staff does not have to explain them to inmates. It could be a security or safety issue.

After considering the evidence, Nolley found Liddell guilty of both charges. On the .256 charge, Liddell was sanctioned to ten days' detention, ninety days of administrative segregation, fifteen days' loss of recreation privileges, and review of his job. He was also sanctioned five days' loss of recreation privileges on the .402 charge.

Liddell filed an administrative appeal. On June 29, 2015, Associate Administrator H. Adams upheld the guilty findings but modified the sanctions. Specifically, Adams suspended sixty of the ninety days' of administrative segregation on the .256 charge and the entire penalty imposed on the .402 charge. Adams explained that leniency was granted because this constituted Liddell's first disciplinary infraction, but cautioned him to follow the rules of the facility.

In this appeal, Liddell argues that Bradley never gave him a direct order to leave the law library, and that he immediately complied when Sgt. Lewandowski ordered him to do so. He also contends that his presence in the law library was not prohibited at the time and that the charges essentially constitute ex post facto violations. Finally, he maintains that his due process and confrontation rights were violated. We do not find these arguments persuasive.

4

Our role in reviewing an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). Our function is to determine whether the administrative action was arbitrary, capricious or unreasonable, or not supported by substantial credible evidence in the record as a whole. Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (citations omitted). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J. 219 (2006).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. See Avant v. Clifford, 67 N.J. 496, 522 (1975). Nonetheless, prisoners are entitled to certain limited due process protections. Ibid. These protections include written notice of the charges at least twenty-four hours prior to the hearing, an impartial tribunal that may consist of personnel from the central office staff, a limited right to call witnesses, the assistance of counsel substitute, and a right to a written statement of evidence relied upon and the reasons for the sanctions imposed. Id. at 525-33; see also McDonald v. Pinchak, 139 N.J. 188, 193-96 (1995).

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). Substantial evidence means "such evidence as a reasonable mind might accept as adequate to support a conclusion." In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961).

Guided by these standards, we find no merit in Liddell's argument that he was denied the minimal due process protections required in prison disciplinary proceedings. During the hearing, Liddell was allowed to make statements on his own behalf. He was granted the opportunity to obtain the statements of witnesses on his behalf and availed himself of it. He also was afforded the right to confront and cross-examine Bradley, as he requested. No other process was due. See Jones v. Dep't of Corr., 359 N.J. Super. 70, 75 (App. Div. 2003) (reiterating that inmates in prison disciplinary hearings are entitled to due process rights of confrontation and cross-examination, and litigation rights to witness access).

We have no question that the evidence was sufficient to support the finding of guilt. The hearing officer found "[t]here were no issues of credibility of the staff." Bradley answered all questions posed to him by Liddell. In doing so, Bradley stated: Liddell was not on the library schedule; Liddell was in an

unauthorized area at the time; and he looked at Liddell "eye to eye" and twice told him to leave before reporting Liddell's non-compliance to Sgt. Lewandowski. Moreover, one of Liddell's own witnesses, Zarchy, corroborated Bradley's account that he informed Liddell he was not on the library schedule and he directed Liddell to leave and return to his unit.

Even accepting Liddell's version that he believed he was allowed in the law library at the time, he was told not once but twice by Bradley that such was not the case. It was only after repeated notice was given, and Liddell remained in the library despite such notice, that the disciplinary charges issued. Moreover, Liddell's belief that he was permitted to use the law library that day is irrelevant. Stated plainly, he was not free to simply disregard the order to leave. It is well-established that the DOC has "broad discretionary powers" to promulgate regulations aimed at maintaining security and order inside correctional facilities. Jenkins v. Fauver, 108 N.J. 239, 252 (1987). Furthermore, as we have previously noted, "[p]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999).

The remainder of Liddell's arguments lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION