**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1671-15T1

JOSEPH M. PALLIPURATH,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted May 23, 2017 — Decided August 3, 2017

Before Judges Yannotti and Sapp-Peterson.

On appeal from the New Jersey Department of
Corrections.

Joseph M. Pallipurath, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Lisa A. Puglisi,
Assistant Attorney General, of counsel;
Christopher C. Josephson, Deputy Attorney
General, on the brief).

PER CURIAM

Pro se appellant, Joseph M. Pallipurath, is an inmate at New Jersey State Prison, serving a life sentence with a 144-year period of parole ineligibility, arising out of his conviction for two murders and a third shooting that left the victim partially paralyzed. He appeals from a final agency decision by the Department of Corrections (DOC), denying his request to be provided out-of-state legal reference materials from the states of Georgia and California. Appellant resided in California prior to committing the offenses in New Jersey. He fled to Georgia one day after committing the crimes.

Appellant submitted an inmate request form stating that he needed out-of-state materials in order to "effectively litigate" his New Jersey convictions. However, he did not provide more details regarding the request. The prison administration advised him that a meeting would be held, and in preparation for the meeting, he was to produce all documents supporting his request. Rather than submit the supporting documents, appellant administratively appealed the DOC's initial response, stating that his "request for legal research was incomplete and other issues were unaddressed." Receiving no further response, appellant filed an appeal of alleged agency inaction.

The prison administrator advised appellant that his "request require[d] in[-]depth legal research on out of state reference

material.  The Education Department does not have access to this material."  The present appeal followed.

On appeal, appellant contends the decision denying his right to access out-of-state legal reference materials was arbitrarily, capriciously, and unreasonably denied.  He additionally contends the denial was in retaliation for an earlier grievance he filed related to his request to obtain out-of-state-legal reference materials.

An inmate's entitlement to legal reference materials is undergirded by a "fundamental constitutional right of access to the courts [that] requires prison authorities to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 2177, 135 L. Ed. 2d 606, 614 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72, 83 (1977)); N.J.A.C. 10A:6-2.1.  However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"  Lewis, supra, 518 U.S. at 351, 116 S. Ct. at 2180, 135 L. Ed. 2d at 617-18 (quoting Bounds, supra, 430 U.S. at 825, 97 S. Ct. at 1496, 52 L. Ed. 2d at 81).

Thus, access to legal materials, by implication, is intended to assist an inmate challenge a judgment or challenge conditions of confinement. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Furthermore, a prisoner "must show (1) that [he has] suffered an 'actual injury' -- that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Ibid.

The scope of our review of a final decision of an administrative agency is strictly limited to four inquiries:

> (1) whether the agency's decision offends the State or Federal Constitution; (2) whether the agency's action violates the record express or implied legislative policies; (3) whether the record contains substantial evidence to support the findings on which the agency based its action; and (4) whether, in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on showing of the relevant factors.
>
> [George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994).]

"We cannot substitute our judgment for that of the agency where its findings are supported by substantial credible evidence in the record." Johnson v. Dep't of Corr., 375 N.J. Super. 347, 352 (App. Div. 2005) (citation omitted). "The burden of demonstrating that the agency action was arbitrary, capricious or

unreasonable rests on the [party] challenging the administrative action."  In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J. 219 (2006).

Appellant has not satisfied the requisite standards for relief.  Although appellant claims certain legal reference materials are needed to support his application for post-conviction relief and a claim of ineffective assistance of counsel, he provides no specific facts explaining the relevancy of these out-of-state materials to these claims.  Consequently, we conclude that the DOC's decision was not arbitrary, capricious or unreasonable.

Finally, appellant additionally challenges the DOC's policy regarding access to the prison law library, the inadequacy of those facilities, and the amount of those fees, which he contends are excessive.  The notice of appeal was limited to the denial of his request for legal research materials.  We therefore decline to consider the additional challenges raised, which we conclude are beyond the scope of this appeal.  See Belmont Condominium Ass'n, Inc. v. Geibel, 432 N.J. Super. 52, 98 (App. Div. 2013).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1671-15T1