**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5622-15T1

WITHEY MILES,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE AND
FIREMEN'S RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

        Argued October 2, 2017 — Decided October 19, 2017

        Before Judges Messano and Vernoia.

        On appeal from the Board of Trustees of the
        Police and Firemen's Retirement System, Docket
        No. 17661-2013.

        Luretha M. Stribling argued the cause for
        appellant.

        Christina Levecchia, Deputy Attorney General,
        argued the cause for respondent (Christopher
        S. Porrino, Attorney General, attorney;
        Melissa Dutton Schaffer, Assistant Attorney
        General, of counsel; Ms. Levecchia, on the
        brief).

PER CURIAM

Appellant Withey Miles appeals from the final agency decision of the Board of Trustees, Police and Firemen's Retirement System (Board) denying his application for accidental disability retirement benefits. Having reviewed the record in the light of the applicable law, we affirm.

I.

Appellant was employed as a police officer by the University of Medicine and Dentistry of New Jersey. In 2007, he was kicked by a patient and suffered an injury to his left knee. He was out of work for three months and then returned to full-time work duty. In 2011, he twisted his left knee and was struck in the left knee by a fellow officer during their interaction with an unruly patient. Appellant first sought treatment for an injury to his left knee one month later.

In September 2012, appellant applied for accidental disability retirement benefits, claiming a disability based on the 2007 and 2011 incidents. Appellant required a left knee replacement and claimed he could not perform his duties as a police officer. The Board denied the application for accidental disability benefits, finding that appellant was "not considered totally and permanently disabled" from the 2007 and 2011 incidents, and that appellant's disability was the result of a "pre-existing disease alone or a pre-existing disease that is aggravated or

accelerated by work effort." The Board, however, determined appellant was totally and permanently disabled "based on other medical reasons than those filed on [appellant's] disability application," and granted him ordinary disability retirement benefits.

Appellant appealed the Board's denial of accidental disability benefits.

At a hearing before an administrative law judge, the Board's expert in orthopedic surgery, Dr. Richard Rosa, testified defendant suffered from severe tricompartmental arthritis in his left knee prior to the 2007 incident. He described the arthritis as a chronic condition that developed over a ten to fifteen-year period. He further opined that defendant's inability to work as a police officer "was the result of an aggravation of osteoarthritis and not a direct result of" any injury sustained during the 2007 or 2011 incidents.

Appellant called Dr. Arthur Becan as an expert in the area of orthopedics. Dr. Becan opined that appellant could not perform his job duties due to an injury to his left knee. He testified that he reviewed films of defendant's knee made immediately following the 2007 incident and they showed "advanced arthritis involving the patella femoral joint and medial compartment and

only a mild arthritis involving the lateral compartment." Dr. Becan said the conditions predated the 2007 incident.

When asked about the cause of appellant's current disability, Dr. Becan testified that the 2011 incident caused an "aggravation and acceleration of [appellant's] pre-existing" arthritis in his left knee. Dr. Becan explained that the films of appellant's knee following the 2011 incident showed that the "arthritis had increased significantly" and appellant had "further degenerative changes to the medial meniscus, . . . progressive chondromalacia of the patella femoral joint, which is degeneration of the articular cartilage underneath the kneecap." Dr. Becan opined that the December 2011 incident did not cause the conditions in appellant's knee, but instead the incident "caused an aggravation and acceleration of the underlying condition."

The administrative law judge issued a written decision finding appellant was not entitled to accidental disability benefits. The judge noted that the experts agreed the 2011 incident did not cause defendant's disability. Instead, they testified his disability resulted from a pre-existing and degenerative osteoarthritis in his left knee that was aggravated by the 2011 incident. Based on that testimony, the administrative law judge determined the 2011 incident was not the "essential significant or substantial contributing cause" of the disability.

 A-5622-15T1

The Board adopted the administrative law judge's findings of fact and conclusion of law, and issued a final decision denying appellant's application for accidental disability payments. This appeal followed.

II.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). Indeed, we presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). For those reasons, "an appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Application of Virtua-West Jersey Hosp. for a Certificate of Need, 194 N.J. 413, 422 (2008). "Where . . . the determination is founded upon sufficient credible evidence seen from the totality of the record and on that record findings have been made and conclusions reached involving agency expertise, the agency decision should be sustained." Gerba v. Bd. of Trs., Pub. Emps.' Ret. Sys., 83 N.J. 174, 189 (1980). We review de novo an agency's

interpretation of a statute or case law. Russo, supra, 206 N.J. at 27.

"The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J. 219 (2006). "'[T]he test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'" Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).

N.J.S.A. 45:16-7(1) provides that a member of the Police & Firemen's Retirement System[1] is entitled to accidental disability retirement benefits if he or she "is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his [or her] regular or

---

[1] "Accidental disability pensions are also offered under the Public Employees' Retirement System (PERS), N.J.S.A. 43:15A-43; State Police Retirement System, N.J.S.A. 53:5A-10; Prison Officers' Pension Fund, N.J.S.A. 43:7-12; and the Teachers' Pension and Annuity Fund (TPAF), N.J.S.A. 18A:66-39." Richardson v. Bd. of Trs., 192 N.J. 189, 192 n.1 (2007) The grant of accidental disability retirement benefits in those pension systems is conditioned on "identical standards to those in N.J.S.A. 43:16A-7." Ibid.

assigned duties . . . ." The statute expressly provides that a disability resulting from a "musculo-skeletal condition that was not a direct result of a traumatic event occurring in the performance of duty shall be deemed an ordinary disability." N.J.S.A. 45:16A-7(4).

Our Supreme Court has explained that the terms "traumatic event" and "direct result" reflect the Legislature's intent "to make the granting of an accidental disability pension more difficult." Gerba, supra, 83 N.J. at 183 (quoting Cattani v. Bd. of Trs., Police & Fireman's Ret. Sys., 69 N.J. 578, 584 (1976)). The Court has explained that

> to obtain accidental disability benefits, a member [of the pension system] must prove:
>
> 1. that he is permanently and totally disabled;
>
> 2. <u>as a direct result of a traumatic event that is</u>
>
> > a. identifiable as to time and place,
> >
> > b. undesigned and unexpected, and
> >
> > c. caused by a circumstance external to the member (<u>not the result of pre-existing disease that is aggravated or accelerated by the work</u>);
>
> 3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;

> 4. that the disability was not the result of the member's willful negligence; and
>
> 5. that the member is mentally or physically incapacitated from performing his usual or any other duty.
>
> [Richardson v. Bd. of Trs., 192 N.J. 189, 212-13 (2007) (emphasis added).]

The petitioner bears the burden of establishing a direct connection between a work-related injury and the claimed disability by a preponderance of the evidence supported by competent medical evidence. Russo v. Teachers' Pension & Annuity Fund, 62 N.J. 142, 147 (1973). To establish that a disability is the "direct result" of traumatic event, it must be proven that event was "the direct cause, i.e., the essential significant or substantial contributing cause of the disability. . . ." Gerba, supra, 83 N.J. at 187.

Here, appellant did not satisfy his burden. As the Board correctly determined, although appellant showed that the 2011 incident was a traumatic event,[2] he failed to demonstrate that his disability was the direct result of the event. To the contrary,

---

[2] We reject appellant's reliance on his claim that the Board erred in finding that the 2011 incident was not a traumatic event under N.J.S.A. 45:16-7(1). The Board did not deny appellant's application for accidental disability retirement benefits because it determined that the 2011 incident was not a traumatic event. The Board denied the application because it determined appellant's disability was not the direct result of the 2011 incident.

the substantial credible medical evidence established that his disability was the direct result of the pre-existing osteoarthritis in his left knee, which was only aggravated by the 2011 incident.

Under essentially identical circumstances, the Court affirmed the denial of accidental disability benefits in Gerba, supra, 83 N.J. 174. The Court held that "[w]here there exists an underlying condition such as osteoarthritis which itself has not been directly caused, but is only aggravated or ignited, by the trauma, then the resulting disability is, in statutory parlance, 'ordinary' rather than 'accidental' and gives rise to 'ordinary' pension benefits." Id. at 186.

Here, the medical evidence the Board determined was credible established that the 2011 incident was not the "essential significant or substantial contributing cause," see id. at 187, of appellant's disability. Dr. Rosa and Dr. Becan testified that it was appellant's osteoarthritis, and not the 2011 incident, that resulted in his disability.

The Board's findings are supported by substantial credible evidence in the record and its determination is consistent with the Court's interpretation of the requirements for accidental disability benefits under N.J.S.A. 45:16-7. See Richardson, supra, 192 N.J. at 212-13; Gerba, supra, 83 N.J. at 186.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5622-15T1