**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3318-16T3

EDWIN CRUZ,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and PERSA CONSTRUCTION,
INC.,

    Respondents.

_____

Submitted May 3, 2018 — Decided July 9, 2018

Before Judges Haas and Gooden Brown.

On appeal from the Board of Review, Department
of Labor, Docket No. 099,273.

Edwin Cruz, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney
for respondent Board of Review (Melissa Dutton
Schaffer, Assistant Attorney General, of
counsel; Aaron J. Creuz, Deputy Attorney
General, on the brief).

Respondent Persa Construction, Inc., has not
filed a brief.

PER CURIAM

Appellant Edwin Cruz appeals from a January 25, 2017 decision of the Board of Review (Board). The Board affirmed the decision of the Appeal Tribunal (Tribunal), denying him unemployment benefits, pursuant to N.J.S.A. 43:21-5(a), on the ground that he left work voluntarily without good cause attributable to the work. We affirm.

Appellant was a foreman for a construction company for nearly six years. On July 11, 2016, he left the job voluntarily and relocated to Puerto Rico to care for his ailing parents and attend to other personal matters. Subsequently, he filed a claim for unemployment benefits. On September 6, 2016, a Deputy Director of Unemployment Insurance determined that appellant was ineligible for benefits because he left work voluntarily without good cause attributable to the work. Appellant appealed but failed to participate in the scheduled telephonic hearing, resulting in the dismissal of his appeal without prejudice. Subsequently and "[f]or good cause shown," the Tribunal reopened the matter, and appellant participated in a telephonic hearing on December 15, 2016.

During the hearing, appellant testified that he initially went to Puerto Rico because he had "a problem with [his] wife," but when he arrived, he discovered that his father and mother were "very sick." Appellant decided to stay in Puerto Rico and "tr[y] to find [a] job [t]here" because his parents needed him and

"because [his] marriage created problems" and he had "nothing to go back to." However, despite his efforts, he had been unable to find a job because "construction . . . in Puerto Rico [was] . . . different than in New Jersey." Appellant admitted that were it not for his personal problems, he would have stayed at his job in New Jersey because he "like[d] [his] job" and the company "helped [him] a lot."

The Tribunal affirmed the determination of the Deputy, finding that appellant voluntarily resigned "for personal reasons not attributable to the work." Relying on N.J.A.C. 12:17-9.1(e)(6) where "[r]elocating to another area for personal reasons" is a disqualifying event under N.J.S.A. 43:21-5(a), the Tribunal determined that appellant "left the job to relocate to care for his parents and attend to personal matters." While the Tribunal "sympathize[d] with [appellant's] circumstances" and noted that "his reasons for leaving the work were certainly compelling," he was "disqualified for benefits under N.J.S.A. 43:21-5(a) . . . as he left work voluntarily without good cause attributable to such work." Finding that appellant "was given a full and impartial hearing and a complete opportunity to offer any and all evidence," the Board affirmed on the record below, and this appeal followed.

Our review of administrative agency decisions is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's

factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). Further, "[a]lthough we are '[not] bound by an agency's interpretation of a statute or its determination of a strictly legal issue[,]' the agency's views are entitled to substantial deference because of its duty to administer the subject matter agreeably with the legislative design." Bustard v. Bd. of Review, 401 N.J. Super. 383, 390 (App. Div. 2008) (second and third alteration in original) (citation omitted) (quoting Mayflower Sec. Co., Inc. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). Thus, we will not disturb the Board's action unless it is "arbitrary, capricious, or unreasonable," Brady, 152 N.J. at 210, and "[t]he burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

N.J.S.A. 43:21-5(a) provides that a person is ineligible for unemployment benefits if he or she leaves work voluntarily and not for good cause attributable to the work. An employee who leaves work for "personal reasons, however compelling, . . . is disqualified under the statute." Utley v. Bd. of Review, 194 N.J. 534, 544 (2008). Leaving work to relocate to another area for personal reasons is considered leaving work voluntarily without

4

good cause attributable to such work. N.J.A.C. 12:17-9.1(e)(6). Here, it is undisputed that appellant voluntarily left work and relocated to Puerto Rico for personal reasons, a situation which disqualifies him from receiving unemployment benefits under N.J.S.A. 43:21-5(a).

On appeal, appellant claims for the first time that he was denied "a full and impartial hearing." Relying on Alicea v. Board of Review, 432 N.J. Super. 347 (App. Div. 2013), appellant asserts he was denied due process at the hearing because he was not afforded "an interpreter" or "translated documents" advising him to request one, and his limited English proficiency "created extreme anxiety" and "limit[ed] his ability to fully express his thoughts regarding the facts of the case."

Appellant's reliance on Alicea is misplaced, as that case addressed the issue of proper notice, rather than a challenge to the proceeding itself. See Alicea, 432 N.J. Super. at 353 (holding that not translating the underlying substantive decision into Spanish to ensure comprehension by the affected party was inadequate notice that violated the due process rights of an individual who spoke and wrote only Spanish, resided in a rural part of Puerto Rico, and was poorly educated); see also Rivera v. Board of Review, 127 N.J. 578, 588 (1992) (holding "that the notice periods and practices applied by the Department . . . were

inadequate to protect [the claimant's] due-process rights" where the Department sent "English-only notices" to migrant farm workers' "off-season address during the farm-work season").

Here, appellant received proper notice, filed the appropriate paperwork to appeal, and fully participated in the telephonic hearing, during which he indicated that he understood the procedure, had no questions about the procedure, and answered all the hearing officer's questions without any difficulty. Moreover, his case was adjudicated on the merits, rather than a procedural deficiency. The record amply supports the Board's determination, and appellant has made no showing that the Board's decision was arbitrary, capricious, or unreasonable. See Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3318-16T3