**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0670-17T2

ALAN K. NOWAKOWSKI,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and GLOBAL HOME
IMPROVEMENTS, INC.

     Respondents.

_____

Submitted September 13, 2018 - Decided  September 21, 2018

Before Judges Fuentes and Vernoia.

On appeal from the Board of Review, Department of Labor, Docket No. 118,859.

Alan K. Nowakowski, appellant pro se.

Gurbir S. Grewal, Attorney General, Attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Aimee Blenner, Deputy Attorney General, on the brief).

Fenningham, Dempster & Coval LLP, attorney for respondent Global Home Improvements, Inc. (Christopher P. Coval, on the brief).

PER CURIAM

Appellant Alan K. Nowakowski was employed as a salesperson by Global Home Improvements (Global) from February 16, 2015 until he voluntarily resigned on February 6, 2017.  His compensation was based entirely on commissions from sales.  Appellant now appeals from the final decision of the Board of Review (Board) that denied his application to receive unemployment compensation benefits.  The Board adopted the June 21, 2017 decision of the Appeal Tribunal that found appellant "ineligible for benefits from 01/29/17 through 03/25/17" based on his failure to report in accordance with N.J.A.C. 12:17-4.2(a).[1]  The Board also found appellant ineligible from receiving

---

[1] N.J.A.C. 12:17-4.2(a) provides:

> An individual shall telephone a Reemployment Call Center or contact the Division via an Internet application to file an initial claim for benefits, unless another method of filing is prescribed by the Division. The effective date of an initial claim for benefits is the Sunday of the week in which the claimant first reports to claim benefits. The effective date of the initial claim establishes the period of time during which wages may be used to determine the monetary eligibility.

2

unemployment compensation benefits because he left work voluntarily, without good cause attributable to such work. N.J.S.A. 43:21-5(a).

Appellant filed a pro se brief in support of this appeal that does not comport with the requirements of Rule 2:6-2. Despite these irregularities, we glean that appellant claims he left his job at Global because his employer "asked him to participate in illegal activities" and engage in "illegal practices." He also alleges Global's business practices violated state and federal environmental protection laws, violated the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, and constituted common law fraud. We reject these arguments, and affirm substantially for the reasons expressed by the Board in its Final Decision dated September 5, 2017.

We gather the following facts from the record developed before the Appeal Tribunal, including the transcript of the telephonic hearing held on June 19, 2017 before the Appeals Examiner. On January 25, 2017, appellant sent an email to Paul Kazlov, the President of Global, alleging he was owed $60,000 in commission payments for past sales. Appellant claimed his manager at Global promised he would receive this compensation. Kazlov testified he responded to appellant via email and assured him he would investigate these "serious" allegations. Kazlov suspended appellant's work email account "so we can go

back and check communication between [appellant] and his project [manager]." He also provided appellant with a temporary email account to allow him to continue his work.

On January 26, 2017, Kazlov emailed appellant and told him he wanted to meet with him personally on February 6, 2017 to discuss his concerns. At this meeting, Kazlov told appellant that after investigating the matter, he did not find any evidence that showed Global owed appellant compensation. The record is undisputed that appellant considered this outcome unacceptable and resigned. As appellant made clear before the Appeals Examiner: "I can't go back to work under the same circumstances. I can't continue to work and not get paid properly . . . [.]"

Based on this record, the Appeal Tribunal found appellant was not eligible to receive unemployment compensation benefits because he voluntarily resigned from his position without good cause attributable to the work. N.J.S.A. 43:21-5(a). Appellant was also disqualified to receive benefits from January 29 to March 25, 2017. N.J.A.C. 12:17-4.2(a). As stated earlier, the Board adopted the Appeal Tribunal decision.

Our standard of review of final decisions of State administrative agencies is well-settled. The "final determination of an administrative agency . . . is

entitled to substantial deference."  In re Eastwick Coll. LPN-to RN Bridge Program, 225 N.J. 533, 541 (2016).  An appellate court may only reverse if the decision of the administrative agency is "'arbitrary, capricious, or unreasonable,' the determination 'violate[s] express or implied legislative policies,' the agency's action offends the United States Constitution or the State Constitution, or 'the findings on which [the decision] was based were not supported by substantial, credible evidence in the record.'" Ibid. (alterations in original) (quoting Univ. Cottage Club of Princeton N.J. Corp v. N.J. Dep't of Envtl. Prot., 191 N.J. 38, 48 (2007)).  "The burden of demonstrating that the agency's action was arbitrary, capricious, or unreasonable rests upon the person challenging the administrative action."  In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J. 219 (2006).

The Supreme Court recently reaffirmed that the Legislature "amended [N.J.S.A. 43:21-5(a)] in 1961 to disqualify claimants who left work for purely personal reasons."  Ardan v. Board of Review, 231 N.J. 589, 602 (2018), (quoting Brady v. Board of Review, 152 N.J. 197, 213 (1997)).  The statute has been consistently applied to disqualify claimants from receiving benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual

becomes reemployed and works eight weeks in employment." N.J.S.A. 43:21-5(a). Here the undisputed salient facts support the Board's decision to disqualify appellant from receiving unemployment compensation benefits because he voluntarily resigned from his position. We discern no legal or factual basis to conclude the Board's decision was arbitrary or capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0670-17T2