**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4961-17T1

TEACHERS' PENSION AND
ANNUITY FUND,

     Petitioner-Respondent,

v.

CAROL ZIZNEWSKI,

     Respondent-Appellant.

_____

          Submitted February 27, 2019 – Decided March 20, 2019

          Before Judges Vernoia and Moynihan.

          On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, TPAF No. 1-10-147561.

          Carol A. Ziznewski, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Amy Chung, Deputy Attorney General, on the brief).

PER CURIAM

Carol Ziznewski appeals from a May 16, 2018, final decision of the Board of Trustees of the Teachers' Pension and Annuity Fund (the Board) finding Ziznewski's partial forfeiture of salary and service, which we affirmed in Teachers' Pension and Annuity Fund v. Ziznewski (Ziznewski Pension), No. A-0881-16 (App. Div. Apr. 13, 2018), commenced on January 1, 2006. We affirm.

The facts underlying the Board's decision imposing a partial forfeiture of Ziznewski's salary and service are set forth in our prior decision, see id. at 2, and need not be repeated here. It is sufficient to note that following lengthy tenure proceedings against Ziznewski before the New Jersey Acting Commissioner of Education, she was terminated in August 2010 from her teaching position in the Edison Township school district.[1] We affirmed the Acting Commissioner's decision adopting an administrative law judge's (ALJ) recommendation that Ziznewski be dismissed due to insubordination and conduct unbecoming a public employee. Ziznewski Tenure, slip op. at 12.

Following her August 2010 dismissal, Ziznewski applied for service retirement to be effective September 1, 2010. The Board approved Ziznewski's

---

[1] In In re Tenure Hearing of Carol Ziznewski (Ziznewski Tenure), No. A-0083-10 (App. Div. Apr. 13, 2012), we affirmed the Acting Commissioner of Education's decision upholding Ziznewski's dismissal based on insubordination and conduct unbecoming charges.

A-4961-17T1

service retirement "but determined her pension and salary would be forfeited pursuant to N.J.S.A. 43:1-3(b) beginning in the 'year of the offense'—January 1, 2006—through the last date on which pension contributions were remitted on her behalf—June 30, 2010." Ziznewski Pension, slip op. at 3. The matter was referred to an ALJ for a hearing.

The ALJ granted the Board's motion for summary decision for imposition of a partial forfeiture of Ziznewski's service and salary based on the tenure ALJ's factual findings and conclusions concerning Ziznewski's misconduct. Ibid. The forfeiture ALJ later granted the Board's motion for summary disposition imposing a period of partial forfeiture commencing on January 1, 2006, and ending on June 30, 2010. Ibid. The Board adopted the forfeiture ALJ's findings and recommendations.

Ziznewski appealed, and we affirmed the Board's decision granting "partial forfeiture of service and salary through June 30, 2010, but remand[ed] . . . for a determination of the commencement date of the forfeiture." Id. at 4. More particularly, we observed that the forfeiture ALJ summarized the tenure ALJ's factual findings concerning the time period during which Ziznewski acted in a manner warranting partial forfeiture of service and salary under N.J.S.A. 43:1-3(d). Id. at 12-13. However, we determined the forfeiture ALJ, and thus

the Board, did not "specifically incorporate" the tenure ALJ's findings to support the conclusion that the period of partial forfeiture should commence on January 1, 2006. Id. at 13-14. We remanded "for the sole purpose of having the Board either set forth the findings that support the given commencement date or to revise same based on the evidence." Id. at 14.

In its final decision following the remand, the Board explained that it "reviewed all previous documentation" in the matter, including the tenure and forfeiture ALJs' findings. The Board relied on the tenure ALJ's findings that: "Ziznewski exhibited a 'pattern of egregious conduct' that escalated during the 2005-2006 and 2006-2007 school years"; the 2005-2006 school year "became horrible, heated, and argumentative and a 'travesty' [that] got so bad that [the principal] indicated it was difficult to describe the extent of it"; and "after September[] 2005, [the principal] claimed that he periodically . . . mention[ed] complaints to [Ziznewski] about her not coordinating with teachers generally, and . . . tried to mediate meetings in order to address those concerns, but . . . Ziznewski would fail to show up and/or cooperate." The Board also relied on the tenure ALJ's finding that the problems with Ziznewski's conduct that lead to her dismissal "began to build" during the 2005-2006 school year, and the

forfeiture ALJ's finding that "the behaviors . . . which [led] to the tenure charges started before January 1, 2006[,] and steadily escalated."

The Board concluded Ziznewski's misconduct warranting partial forfeiture of service and salary under N.J.S.A. 43:1-3(d) "started well before January 1, 2006, and steadily escalated." The Board further found that although "it arguably could have commenced a forfeiture prior to" January 1, 2006, a forfeiture period commencing on that date and continuing "through June 30, 2010, the last date pension contributions were remitted on [Ziznewski's] behalf, is appropriate in light of [her] continuous and escalating misconduct." This appeal followed.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). A reviewing court will presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). Thus, "an appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413,

422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

"[T]he test is not whether an appellate court would come to the same conclusion . . . but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). A reviewing court "may not vacate an agency determination because of doubts as to its wisdom or because the record may support more than one result." In re N.J. Pinelands Comm'n Resolution PC4-00-89, 356 N.J. Super. 363, 372 (App. Div. 2003). "Where . . . the determination is founded upon sufficient credible evidence seen from the totality of the record and on that record findings have been made and conclusions reached involving agency expertise, the agency decision should be sustained." Gerba v. Bd. of Trs., Pub. Emps. Ret. Sys., 83 N.J. 174, 189 (1980).

Ziznewski presents a singular argument for our consideration. She contends the Board's decision should be reversed because the Board failed to comply with our remand order requiring that it set forth its findings supporting

the commencement date of the partial forfeiture. We have carefully considered the argument and find that it lacks sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm for the reasons set forth in the Board's decision, which includes findings supporting its determination that the period of partial forfeiture under N.J.S.A. 43:1-3(d) commenced on January 1, 2006.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4961-17T1