**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3079-19

ROSEANN MARESCO,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

      Respondent-Respondent.

_____

Submitted March 8, 2021 – Decided July 29, 2021

Before Judges Suter and Smith.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

Bratton Law Group, attorneys for appellant (Brittany Tedesco, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jaqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Roseann Maresco appeals the denial by the Division of Medical Assistance and Health Services (Division) of her request for a fair hearing regarding her July 30, 2019 application for Medicaid benefits. We affirm for the reasons set forth below.

Roseann Maresco applied to the Division for Medicaid benefits three times in 2018 – on February 7, April 10, and November 26. The Division denied all three applications because she failed to provide necessary financial verifications. The Division conducted a fair hearing on the November 26, 2018 denial, and upon its conclusion gave Maresco additional time to supply the needed documents. Maresco supplied them, and the Division approved the application conditioned upon payment of a $688,418.98 transfer penalty.[1] On May 14, 2019, the Division gave Maresco until June 3, 2019, to demonstrate that she transferred $688,418.98 in cash assets solely for reasons other than to obtain Medicaid eligibility. She failed to meet the deadline.

---

[1] In its letter of May 14, 2019, the Division determined that Maresco improperly transferred $688,418.98 of her cash assets for less than fair market value. The Division advised her that amount would "count towards her resource limit until May 24, 2024."

A-3079-19

With no response from Maresco, on June 6 the Division issued a determination on her November 26, 2018 application, finding her eligible for Medicaid benefits subject to the aforementioned transfer penalty. Maresco did not immediately challenge the determination, but rather she filed a new application for Medicaid benefits dated July 30, 2019. On August 6, 2019, the Division informed Maresco in writing that additional documents were required to "complete" the July 30 application.

On August 19, 2019, Maresco supplied additional information, responding to the Division's August 6 "completeness" letter. The Division replied on September 16, indicating their "original" June 6 determination stood, and further noting Maresco did not "dispute [the determination] within the allotted time frame."[2] The Division advised her in its reply that it would take "no additional action" on Maresco's new July 30 application.

Maresco then wrote the Division on October 4, seeking a fair hearing regarding its refusal to consider her new application. On October 25, the Division replied in a one-page form letter, confirming the previously issued June 6 eligibility determination and advising that Maresco was "still serving her previously imposed penalty."

---

[2] N.J.A.C. 10:49-10.3.

The Division subsequently denied Maresco's October 4 fair hearing request in a letter dated February 19, 2020, noting her request came one hundred and twenty days after the Division's June 6 determination, making it untimely. See supra, fn. 2. The Division characterized its October 25 letter as a "redetermination confirming the [June 6] letter of eligibility and transfer penalty," and "not a new determination resulting from a new Medicaid application." It stated that giving Maresco a fair hearing on her freshly prepared July 30 application, not her June 6 eligibility determination, would constitute "a second bite at the apple."

Maresco appeals, arguing first that the Division erred by failing to issue a determination regarding her July 30 application, and having refused to do so, failed to comply with its own regulations by refusing to grant her a fair hearing on the new application. We disagree.

Our role in reviewing an agency decision is limited. R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 260-61 (App. Div. 2014) (citing Karins v. City of Atl. City, 152 N.J. 532, 540 (1998)). "[A]n appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the

4

decision was not supported by substantial evidence." Ibid. (citing In re Herrmann, 192 N.J. 19, 28 (2007)).

A presumption of validity attaches to the agency's decision. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); In re Tax Credit Application of Pennrose Props., Inc., 346 N.J. Super. 479, 486 (App. Div. 2002). The party challenging the validity of the agency's decision has the burden of showing that it was arbitrary, capricious, or unreasonable. J.B. v. N.J. State Parole Bd., 444 N.J. Super. 115, 149 (App. Div. 2016) (quoting In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006)). However, "an appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" R.S., 434 N.J. Super. at 261 (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

"The Medicaid program, [also known as] Title XIX of the of the Social Security Act, is designed to provide medical assistance to persons whose income and resources are insufficient to meet the cost of necessary care and services." L.M. v. Div. of Med. Assistance & Health Serv., 140 N.J. 480, 484 (1995) (citation omitted); see A.B. v. Div. of Med. Assistance & Health Serv., 407 N.J. Super. 330, 342 (App. Div. 2009). The Legislature has designated the Division as the entity within the Department of Human Services which "implements the

5

program of medical assistance to provide necessary medical care and services for qualified applicants" pursuant to N.J.S.A. 30:4D-5. The Division promulgates and adopts rules and regulations to accomplish its mandate. Ibid. N.J.A.C. 10:49-10.3 requires "requests for [a fair hearing] to be made in writing within twenty days from the date of the notice of the agency action giving rise to [the] complaint . . . ." "[W]e must give great deference to an agency's interpretation and implementation of its rules enforcing the statutes for which it is responsible." In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 488-89 (2004) (citation omitted).

Maresco argues first that the Division's refusal to accept and process her July 30 application was arbitrary and capricious. The Division was explicit in multiple letters to Maresco that it decided her Medicaid benefit eligibility on June 6. She was deemed eligible at that time, subject to a transfer penalty.[3] Once she missed her opportunity to address the penalty issue by June 3, she could have pursued a fair hearing on the June 6 eligibility decision and presented any objections to it within twenty days. She did not do so. Maresco's July 30 application appears to be her attempt to restart the clock, and she has made no

---

[3] We do not reach the question of whether Maresco remedied the transfer penalty through the restructuring of her assets after June 3, 2019, her deadline for supplying such information to the Division.

showing that the Division in any way failed to follow the law or was arbitrary, capricious, or unreasonable. <u>R.S.</u>, 434 N.J. Super. at 260-61. In fact, the Division's actions in disregarding the July 30 application are amply supported in the record. <u>Ibid.</u>

As to Maresco's second argument, we find the Division did not err by denying her request for a fair hearing on her rejected July 30 application. The application itself was a nullity, which the Division was entitled to treat as legally void. <u>Black's Law Dictionary</u> 1286 (11th ed. 2019).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3079-19