**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3326-22

JUAN ROJAS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 1, 2024 – Decided October 11, 2024

Before Judges Gooden Brown and Vanek.

On appeal from the New Jersey Department of Corrections.

Juan Rojas, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Juan Rojas (Rojas) appeals from the October 20, 2022 New Jersey Department of Corrections (DOC) final decision upholding a hearing officer's determination that while incarcerated he committed prohibited act *.306, barring conduct which disrupts or interferes with the security or orderly running of the correctional facility. N.J.A.C. 10A:4-4.1(a)(2)(xix). We affirm the DOC decision based on substantial credible evidence in the record.

I.

We glean the salient facts from the record before the DOC hearing officer. On October 10, 2022, Officer C. Nardo reported that, while he was performing a tour, Rojas stopped him at his cell and made verbal threats against another officer. Specifically, Rojas informed Officer Nardo "about issues he was having with [Officer] Sorrell." Rojas asserted "he wasn't going to do anything to get in trouble, but can't control anybody else's actions." Rojas also stated "he had people from other gangs approaching him[,] asking what was good with the situation." Officer Nardo perceived Rojas's statements as a threat to Officer Sorrell's life.

Rojas was then removed and taken to Prehearing Disciplinary Housing (PHDH). Officers conducted a search of Rojas's cell and found no contraband.

That same day, Rojas was charged with committing prohibited act *.005, N.J.A.C. 10A:4-4.1(a)(2)(ii). This prohibited act forbids the "threatening [of] another with bodily harm or with any offense against his or her person or his or her property." N.J.A.C. 10A:4-4.1(a)(2)(ii). On October 11, 2022, a Corrections Sergeant served the *.005 charge on Rojas and conducted an internal investigation before referring the charge to a hearing officer for further action. After being served with the *.005 charge, Rojas waived his twenty-four-hour notice and was granted the assistance of counsel substitute before pleading "not guilty."

On October 13, 2022, a hearing was held before Disciplinary Hearing Officer Nolley (the hearing officer). At the hearing, Rojas denied he was attempting to cause trouble, and further denied any comments regarding "gangs." Rojas further asserted he was merely "expressing his feelings about the situation" with Officer Sorrell. Finally, Rojas argued there was no substantial credible evidence to support the charge and he did not make any verbal threats against Officer Sorrell.

During the hearing, Rojas declined the opportunity to call any witnesses or to cross-examine adverse witnesses. At the conclusion of the hearing, the hearing officer modified the charge from prohibited act *.005 to *.306. Once

3

again, after being immediately served with the modified charge, Rojas waived twenty-four-hour notice and was granted the assistance of counsel substitute before pleading "not guilty" to the modified charge. After hearing the testimony, reviewing all the evidence, and considering the arguments, the hearing officer found Rojas guilty of charge *.306, conduct which disrupts. The hearing officer relied on the following evidence: (1) Officer Nardo's disciplinary report; (2) the special custody report; (3) Dr. David Kalal's medical evaluation of Rojas; (4) the anatomical figure report; (5) Registered nurse Karen Fortune's medical evaluation of Rojas; (6) Officer Nardo's second report; (7) the authorization for prehearing disciplinary housing placement; and (8) the statements provided by Rojas's counsel substitute.

In making the decision, the hearing officer referenced Rojas's testimony that he expressed his feelings regarding how others perceived him due to an injury he sustained to his leg when he fell down the stairs. In addition, the hearing officer also considered his testimony regarding his reluctance for getting in trouble, his lack of control over other gang members, and his concern for potential issues within the facility. In upholding the charge, Rojas was sanctioned to sixty-five days in the restorative housing unit, thirty-days loss of

privileges (including tablet, kiosk, email, and jpay), and thirty-days loss of phone privileges.

On October 13, 2023, Rojas administratively appealed the decision, alleging the *.306 charge cannot be upheld because the *.005 charge was dismissed. On October 20, 2022, Assistant Superintendent Berryman upheld the guilty finding, and the recommended sanctions were imposed. In upholding the decision, Assistant Superintendent Berryman concluded the DOC complied with procedural safeguards in accordance with the New Jersey Administrative Code. She further determined there was substantial credible evidence that "Rojas caused a disruption in [Officer] Nardo['s] unit tour which is required to maintain security and orderly running of the institution."

This appeal followed.

II.

We begin by circumscribing our standard of review. Our review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). We presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "The burden of demonstrating that the agency's action was arbitrary, capricious[,] or

5

unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

"We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). A finding of guilt at a disciplinary hearing must be "based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). Substantial credible evidence "means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). "The term has also been defined as 'evidence furnishing a reasonable basis for the agency's action.'" Figueroa, 414 N.J. Super. at 192 (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

### III.

Rojas argues the DOC decision should be reversed because it was unsupported by the record, arbitrary, capricious, and unreasonable. Specifically, Rojas argues there is a lack of credible evidence to support a finding that his conversation with Officer Nardo disrupted or interfered with the orderly running

6

of the correctional facility.[1]  After thoroughly reviewing the issue, we affirm.

The DOC decision was based on substantial credible evidence in the record before the hearing officer establishing Rojas was guilty of committing prohibited act *.306, conduct which disrupts or interferes with the orderly running of the correctional facility.  After hearing Rojas's comments regarding Officer Sorrell, Officer Nardo had no choice but to stop his routine tour of the institution and take immediate action considering the nature of the comments.  While Rojas's comments did not explicitly threaten the health and safety of Officer Sorrell, the statements could be interpreted in a way that implies Officer Sorrell could be the target of violence due to "issues [Rojas] was having with [Officer] Sorrell."

Considering Rojas's status as a maximum-security inmate, any potential threats to the health and safety of correctional officers were properly approached with a heightened sense of caution.  Since Officer Nardo interpreted Rojas's comments as a threat against Officer Sorrell, he therefore, was required to implement heightened security measures to ensure the safety of others.  These

---

[1]  Rojas also asserts in his notice of appeal that his due process rights were violated during the evidentiary hearing.  Since Rojas does not substantively address the issue in his merits brief, we deem this issue abandoned.  Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

heightened security measures required Officer Nardo to deviate from his tour to escort Rojas to PHDH and conduct a thorough search of his cell for contraband. Officer Nardo's routine tour was imperative in maintaining the security of the correctional facility. The necessary deviations from Officer Nardo's routine tour constituted a disruption in the orderly function of the correctional facility and constitute substantial credible evidence upon which the administrative decision relied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3326-22