**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5066-16T2

BRENSTON AYERS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted January 29, 2019 – Decided  February 7, 2019

Before Judges Geiger and Firko.

On appeal from the New Jersey Department of Corrections.

Brenston Ayers, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kevin J. Dronson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Brenston Ayers, an inmate at Southern State Correctional Facility, appeals from sanctions imposed upon him by the Department of Corrections (DOC) for violating prison rule *.004, fighting with another person, and being in an unauthorized area in violation of rule *.402, contrary to N.J.A.C. 10A:4-4.1(a).  We affirm.

On June 4, 2017, Senior Corrections Officer M. McGrath observed Ayers walk from his housing unit, A Wing, to D Wing, when he engaged in a physical altercation with another inmate, Raymond Cooper.

On June 7, 2017, a disciplinary hearing was held.  Ayers pled not guilty to the *.004 charge and guilty to the *.402 charge.  He was assigned a counsel substitute.  At the hearing, Ayers testified that there "was no fight" between he and Cooper, and that he simply "snatched [Cooper's] coffee and [Cooper] snatched it back."  Ayers' counsel sought leniency because there was no supporting surveillance video and no "marks per medical."  On the evidence presented as to the *.004 charge, hearing officer Ralph found Ayers guilty of fighting with Cooper.  Officer Ralph noted that Ayers pled guilty to the *.402 charge and sanctioned him accordingly.  Following an administrative appeal, the Associate Administrator upheld the findings of guilt.

A-5066-16T2

On appeal, Ayers contends that the sanctions imposed violate his due process rights afforded by the Fourteenth Amendment to the United States Constitution and the New Jersey Constitution. Additionally, he contends that the finding of guilt as to the *.004 charge was not based on substantial evidence and should be vacated. We disagree.

In reviewing an agency decision, the scope of our inquiry is limited. In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). Upon review, we are to ascertain whether the administrative action was "arbitrary, capricious or unreasonable or [ ] is not supported by substantial credible evidence in the record as a whole." Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry, 81 N.J. at 579-80). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006) (citing McGowen v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

A prison disciplinary hearing is not part of a criminal's prosecution, and thus does not guarantee a full spectrum of due process rights given to a criminal defendant. Avant v. Clifford, 67 N.J. 496, 522 (1975). Defendants in a prison

3

disciplinary hearing, however, are entitled to a limited range of due process rights. Id. at 522-23. These rights include: the right to an impartial tribunal, which may consist of personnel from the central office staff of the DOC; written notice of the charges at least twenty-four hours prior to the hearing; a limited right to call witnesses and present documentary evidence; a limited confrontation right; a right to a written statement of the evidence used and justification for the sanctions imposed; and a right to the assistance of substitute counsel. Id. at 525-33; see also McDonald v. Pinchak, 139 N.J. 188, 193-96 (1995).

A review of the record fails to reveal any violation of the inmate's rights. Here, a copy of the disciplinary report, signed and dated on June 5, 2017, was delivered to Ayers. The disciplinary decision was signed and dated on the following day, thus satisfying the twenty-four hour notice requirement. The hearing was conducted before an impartial tribunal where Ayers had the assistance of substitute counsel.

Ayers was able to make a statement on his own behalf, call witnesses on his behalf, and cross-examine adverse witnesses. He was allowed to review the adjudication reports and the evidence considered by the hearing officer. Thus, Ayers' due process claim must fail.

A-5066-16T2

Finally, we are satisfied that there was ample credible evidence in the record as a whole supporting the hearing officer's and DOC's decisions. The evidence against Ayers was substantial. McGrath witnessed Ayers enter a housing unit that he did not reside in, and confirmed the physical altercation. Ayers pled guilty to committing prohibited act *.402. Thus, it is clear that there was sufficient evidence to charge and find Ayers guilty of both offenses.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5066-16T2