**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3758-17T4

IN THE MATTER OF TELINA
HAIRSTON, CITY OF EAST
ORANGE POLICE DEPARMENT.

_____

Submitted February 27, 2019 – Decided March 26, 2019

Before Judges Accurso and Vernoia.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2017-4013 and 2018-0739.

Caruso Smith Picini, PC, attorneys for appellant Telina Hairston (Steven J. Kaflowitz, on the briefs).

Weiner Law Group, LLP, attorneys for respondent City of East Orange Police Department (Mark A. Tabakin, of counsel; Patricia C. Melia, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Civil Service Commission (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Steven M. Gleeson, Deputy Attorney General, on the brief).

PER CURIAM

East Orange police officer Telina Hairston appeals from a Civil Service Commission final decision, issued following our remand in In the Matter of Telina Hairston, No. A-4850-15 (App. Div. Sep. 7, 2017), upholding a 100-day suspension East Orange imposed for Hairston's violation of police department rules and regulations and for other sufficient cause under N.J.A.C. 4A:2-2.3(a)(12). Because the Commission's decision is supported by sufficient credible evidence and is not arbitrary, capricious or unreasonable, we affirm.

We described the facts giving rise to Hairston's suspension in our prior opinion, Hairston, slip op. at 2-5, and they need not be repeated here. It is sufficient to note that on June 26, 2014, East Orange issued a preliminary notice of disciplinary action (PNDA) charging that on December 28, 2013, Hairston violated various police department rules and regulations by refusing a direct order, neglect of duty and "report[ing] out of duty due to illness knowing she was not ill." Id. at 3. The PNDA also cited N.J.A.C. 4A:2-2.3(a)(12), which allows for the imposition of discipline for "other sufficient cause." The PNDA advised that a 180-day suspension or termination of employment would be

imposed. <u>Hairston</u>, slip op. at 3. East Orange amended the PNDA in January 2015 and reduced the proposed discipline to a 100-day suspension.[1]

Following an internal disciplinary hearing, East Orange issued a final notice of disciplinary action suspending Hairston for 100 days. Hairston appealed to the Commission and the matter was referred for a hearing before an administrative law judge (ALJ). Following a hearing, the ALJ found East Orange established Hairston was insubordinate, neglected her duties by taking sick leave when she was not ill, violated police department rules and regulations prohibiting feigning illness to avoid performing her duties and violated the department's sick leave policy. Although the ALJ noted East Orange alleged there was other sufficient cause under N.J.A.C. 4A:2-2.3(a)(12) for the suspension, the ALJ found East Orange "did not offer any separate evidence concerning 'other sufficient cause': it focused solely on the departmental rules and regulations." Thus, the ALJ rejected East Orange's claim there was other sufficient cause supporting the suspension.

The ALJ recommended dismissal of the charges, finding they were not timely filed under N.J.S.A. 40A:14-147, which provides that disciplinary

---

[1] The charges were amended to delete a claim that Hairston also violated a March 24, 2014 "Last Chance Agreement" pertaining to other disciplinary charges against her. <u>Hairston</u>, slip op. at 3.

charges based on alleged violations of department rules and regulations must be filed within forty-five days of the date the person who is authorized to issue the charges "obtain[s] sufficient information to file the matter upon which the complaint is based." The ALJ found East Orange "had all the necessary information in May [2014]" to file the charges based on the Police Chief's receipt of a May 12, 2014 report from a Professional Standards Unit detective concerning his investigation of Hairston's conduct. The ALJ found the charges were untimely filed because the PNDA was not filed until January 2015, and recommended dismissing the charges on that basis. The ALJ also found East Orange did not present evidence establishing "other sufficient cause" for the suspension, concluding the charge lacked sufficient substance to save what the ALJ concluded was "a set of stale internal-rule charges."

East Orange filed exceptions to the ALJ's decision, but the Commission lacked a quorum and the ALJ's findings and recommendation were deemed adopted by the Commission in accordance with N.J.S.A. 52:14B-10(c). East Orange appealed.

In our decision on the appeal, we concluded the ALJ's determination that the charges were filed beyond the time period permitted by N.J.S.A. 40A:14-147 was incorrect because it was based on the erroneous finding that the charges

were filed on January 8, 2015, when, in fact, the initial PNDA was filed on June 26, 2014. Hairston, slip op. at 6. Nonetheless, we did not reverse the Commission's decision but instead remanded for the Commission to determine if the charges were timely under N.J.S.A. 40A:14-147 when filed on June 26, 2014. Id. at 8. We also directed the Commission to determine if East Orange established other sufficient cause for the suspension under N.J.A.C. 4A:2-2.3(a)(12) since that charge is not subject to the forty-five-day time-bar. Id. at 9. We further required that the Commission determine the appropriateness of the 100-day suspension if it found the charges based on the violations of the police department's rules and regulations were not time-barred or sustained the other sufficient cause charge. Id. at 9-10.

On remand, the Commission issued its final decision finding the charges in the PNDA were timely when filed on June 26, 2014. The Commission noted that the Professional Standards Unit detective's May 12, 2014 report detailed an investigation that began on December 28, 2013, and ended on May 7, 2014, and recommended that the East Orange Police Chief review the information developed during the investigation and determine "if disciplinary action against Hairston was warranted." The Commission found there was no evidence "the investigation was unduly delayed" and concluded "the Police Chief had

sufficient information . . . to file the charges against Hairston" when he received the May 12, 2014 investigation report, and therefore the charges were timely under N.J.S.A. 40A:14-147 when they were filed forty-five days later on June 26, 2014.

The Commission further explained that the forty-five-day deadline under "N.J.S.A. 40A:14-147 only expressly applies to charges related to violations of departmental rules and regulations," and does not apply to the charge that Hairston should be disciplined for other sufficient cause under N.J.A.C. 4A:2-2.3(a)(12). The Commission observed that the "charge of 'other sufficient cause,' which essentially . . . comprised . . . a number of upheld violations of department rules and regulations, should not be dismissed," but did not make a determination there was "other sufficient cause" under N.J.A.C. 4A:2-2.3(a)(12) supporting Hairston's suspension.

Instead, the Commission found "Hairston violated departmental rules and regulations relating to insubordination, neglect of duty, malingering, and sick leave procedures" by "refus[ing] to follow a direct order to relieve a fellow officer" and feigning illness "to excuse her from duty." The Commission further determined Hairston's actions violated the police department's sick leave policy.

The Commission also found that a 100-day suspension was appropriate based on "the seriousness of the underlying incident" and "the concept of progressive discipline." The Commission detailed Hairston's disciplinary record including "a written reprimand in 2008, a one-day suspension [in] 2009, a [ten]-day suspension in 2011, and a [sixty]-day suspension as agreed to by settlement in 2014." The Commission concluded that "a 100 calendar day suspension, imposed in 2015, was not unduly harsh considering Hairston's overall disciplinary history, her recent infractions prior to 2015, and the seriousness of the subject offense." The Commission ordered that the "100 calendar day suspension was justified" and dismissed Hairston's appeal. This appeal followed.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). A reviewing court will presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). Thus, "an appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In

re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

"[T]he test is not whether an appellate court would come to the same conclusion . . . but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). A reviewing court "may not vacate an agency determination because of doubts as to its wisdom or because the record may support more than one result." In re N.J. Pinelands Comm'n Resolution PC4-00-89, 356 N.J. Super. 363, 372 (App. Div. 2003). "Where . . . the determination is founded upon sufficient credible evidence seen from the totality of the record and on that record findings have been made and conclusions reached involving agency expertise, the agency decision should be sustained." Gerba v. Bd. of Trs., Pub. Emps.' Ret. Sys., 83 N.J. 174, 189 (1980).

Hairston argues the Commission erred by finding East Orange timely filed the charges based on the alleged violations of the department rules and

regulations. She contends East Orange could not properly extend the time period for bringing the charges by delaying the investigation and the delivery of the report to the Police Chief until May 12, 2014, and that the Professional Standards Unit had "sufficient information" to bring the charges by March 21, 2014. Hairston asserts the Professional Standards Unit "slow-walked this investigation from December to May," and its inexcusable delay could not properly extend the forty-five-day deadline.

In pertinent part, N.J.S.A. 40A:14-147 provides that:

> A complaint charging a violation of the internal rules and regulations established for the conduct of a law enforcement unit shall be filed no later than the [forty-fifth] day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based.
>
> . . . .
>
> A failure to comply with said provisions as to the service of the complaint and the time within which a complaint is to be filed shall require a dismissal of the complaint.
>
> [N.J.S.A. 40A:14-147.]

The forty-five-day deadline applies only to violations of internal rules and regulations; it does not apply to charges of misconduct. McElwee v. Borough of Fieldsboro, 400 N.J. Super. 388, 394 (App. Div. 2008).

9

In Roberts v. Division of State Police, our Supreme Court addressed the forty-five-day deadline for filing disciplinary charges against State police officers under N.J.S.A. 53:1-33, which in relevant part is identical to the deadline for filing charges alleging violations of internal rules and regulations against municipal police officers under N.J.S.A. 40A:14-147.[2] 191 N.J. 516, 521-22 (2007). The Court explained that "it is not the happening of the event giving rise to discipline" but instead is the receipt of "sufficient information" by the individual authorized to file the charges "that starts the clock for purposes of evaluating [the] timeliness" of any charges filed. Id. at 524. The Court determined that the law enforcement agency could resume its internal investigation after the conclusion of a criminal matter based on the same incidents giving rise to the disciplinary charges and the forty-five-day limitation period

---

[2] Compare N.J.S.A. 53:1-33, which provides that a complaint against a State police officer "charging a violation of the internal rules and regulations . . . shall be filed no later than the [forty-fifth] day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based," with N.J.S.A. 40A:14-147, which, as noted, provides that "[a] complaint charging a violation of the internal rules and regulations . . . shall be filed no later than the [forty-fifth] day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based."

A-3758-17T4

would not begin to run until "sufficient information" was available in the form of an internal investigative report. Id. at 525-26.

Here, it is undisputed the Police Chief was the individual vested with the authority to direct the filing of the charges, see N.J.S.A. 40A:14-118, and there is no evidence he possessed sufficient information to file the PNDA prior to his receipt of the Professional Service Unit detective's report on May 12, 2014. As the Commission correctly found, the Police Chief filed the PNDA within forty-five days of his initial receipt of the report, which contained information sufficient to support the filing of the charges. There is no evidence to the contrary. Thus, the Commission's conclusion the PNDA was timely filed under N.J.S.A. 40A:14-147 is supported by sufficient credible evidence.

Hairston correctly argues that a police department may not delay an investigation and, by doing so, extend commencement of the forty-five-day time period under N.J.S.A. 40A:14-147. In Aristizibal v. City of Atlantic City, the court considered whether disciplinary charges against numerous police officers were filed within the forty-five-day deadline required under N.J.S.A. 40A:14-147. 380 N.J. Super. 405 (Law Div. 2005). The court noted that the Attorney General Guidelines allow an internal investigation of the basis for charges, but where "an agency cannot conduct an investigation or file disciplinary charges

11

within [forty-five] days of the receipt of the complaint, the burden is on the investigator and ultimately the agency to identify the point at which 'sufficient information' was developed to initiate disciplinary action." The court observed that "an agency would have a difficult time justifying an extensive bureaucratic delay once <u>any</u> member of that agency has established sufficient information."[3] <u>Id.</u> at 427. The court held the charges at issue were untimely under N.J.S.A. 40A:14-147 because of a seventy-two-day delay in the commencement of the investigation that resulted in the filing of the charges. <u>Id.</u> at 433-34.

As noted by the court in <u>Aristizibal</u>, the guidelines also require that law enforcement agencies conduct thorough and objective investigations of internal complaints about officer misconduct. <u>Id.</u> at 426. Here, Hairston denied the numerous allegations against her from the outset and, therefore, it was not only

---

[3] The court did not identify the version of the guidelines to which it referred. The guidelines have been revised on numerous occasions since their adoption in 1991, and in 2005, when <u>Aristizibal</u> was decided, the then current version had last been last revised in 2000. <u>See</u> New Jersey Attorney General "Internal Affairs Policy & Procedures" (rev. Nov. 2000), https://www.state.nj.us/lps/dcj/agguide/internal.pdf (last visited Mar. 4, 2019). We note the guidelines were revised in September 2011, July 2014 and November 2017. <u>See</u> New Jersey Attorney General "Internal Affairs Policy & Procedures" (rev. Nov. 2017) https://www.nj.gov/oag/dcj/agguide/internalaffairs2000v1_2.pdf (last visited Mar. 4, 2019). The language from the guidelines we quote from the court in <u>Aristizibal</u> remains in the current version.

appropriate but necessary for the department to conduct a thorough investigation of the allegations, Hairston's claims and denials, and the evidence corroborating or contradicting the department's and Hairston's conflicting versions of the events. There was no delay in the commencement of the investigation and the May 12, 2014 report details the detective's consistent and diligent efforts to collect information and evidence from numerous locations and sources as the investigation progressed. We are convinced the record supports the Commission's determination there was no undue delay in the investigation of the December 28, 2013 incidents that resulted in the filing of the charges and that the prompt submission of the report following the investigation's completion first provided sufficient information to the Police Chief supporting the filing of the charges. See N.J.S.A. 40A:14-147. We affirm the Commission's decision that the charges alleging violations of the police department's rules and regulations were timely filed.

In our prior decision, we remanded in part for the Commission to determine if East Orange established other sufficient cause for the suspension under N.J.A.C. 4A:2-2.3(a)(12). Hairston, slip op. at 9. On remand, the Commission addressed the charge directly by stating it "should not be dismissed" and implicitly by entry of its final decision sustaining all of the

13

charges in the final notice of disciplinary action. Although "other sufficient cause" is not expressly defined in N.J.A.C. 4A:2–2.3, we are satisfied the Commission correctly concluded that Hairston's "refus[al] to follows a direct order," neglect of "her duty to remain at work" while "the department . . . experience[ed] a high volume of priority calls," "use[] [of] sick leave to excuse her from duty" when she was not ill, misrepresentation that she needed to leave work to care for her children and violation of numerous department rules and policies constitutes conduct within this catchall category of offenses for which discipline may be properly imposed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION