**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6014-17T1

L.M.,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

      Respondent-Respondent.

_____

Argued February 6, 2020 – Decided April 30, 2020

Before Judges Nugent and DeAlmeida.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

Richard J. Kozel and Brian Neil Rath argued the cause for appellant (Buchanan Ingersoll & Rooney, PC, attorneys; Richard J. Kozel, on the briefs).

Jacqueline R. D'Alessandro, Deputy Attorney General argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa,

Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, on the brief).

PER CURIAM

Petitioner L.M.[1] appeals from the July 20, 2018 final decision of the Director, Division of Medical Assistance and Health Services (DMAHS) finding a prior designated authorized representative (DAR) acting on her behalf lacks standing to appeal the decision of a county welfare agency (CWA) imposing a transfer penalty on her eligibility for Medicaid benefits. We affirm.

I.

The following facts are derived from the record. L.M. was permanently institutionalized in July 2015. On February 24, 2016, L.M.'s husband, R.M., pursuant to a power of attorney, authorized Future Care Consultants, LLC (Future Care) to act as L.M.'s DAR for the purpose of obtaining Medicaid benefits.

On February 26, 2016, Future Care applied for Medicaid benefits on behalf of L.M. The CWA asked Future Care to provide verification of cash withdrawals from various bank accounts held individually by L.M. and jointly

---

[1] We identify petitioner and her husband by their initials to protect the confidentiality of petitioner's medical records.

by L.M. and R.M. during the period August 2011 through February 2015. The withdrawals, for which L.M. was not compensated, totaled $138,533.38.

On October 3, 2016, the CWA sent Future Care notice that although L.M. was eligible for Medicaid benefits as of November 1, 2015, it imposed a transfer penalty of 417 days to account for the uncompensated transfers from L.M.'s accounts. See N.J.A.C. 10:71-4.10(m)(1). Future Care thereafter requested an undue hardship waiver of the transfer penalty. See N.J.A.C. 10:71-4.10(q). Future Care argued a waiver is warranted because R.M., along with L.M.'s children, unlawfully converted L.M.'s funds for their own use without her consent. The CWA denied the hardship waiver based on its finding L.M. had not shown she made a good faith effort to recover the transferred assets. See N.J.A.C. 10:71-4.10(q)(1)(ii).

On November 1, 2016, Future Care, acting on behalf of L.M., requested a fair hearing with respect to the transfer penalty. The matter was transferred to the Office of Administrative Law.

On December 15, 2016, L.M. died. Two months later, Future Care filed a complaint in the Law Division as the fiscal agent of Alaris Health of Cherry Hill (Alaris Health), the owner of the facility at which L.M. received treatment, against R.M. and the couple's children. The complaint alleged R.M. and the

children are responsible for the outstanding balance for services provided to L.M. by Alaris Health. The complaint also alleged conversion of the $138,533.38 in uncompensated transfers from L.M.'s account, as well as fraudulent transfers under N.J.S.A. 25:2-25, unjust enrichment, and breach of contract. L.M. is not a party to the Law Division action.

R.M. died on June 30, 2017. Administrative Law Judge (ALJ) Kathleen M. Calemmo inquired of R.M.'s estate whether the continued appeal of the transfer penalty was authorized. R.M.'s daughter, the Executrix of his estate, signed a DAR form purporting to act on behalf of her deceased father to authorize Future Care to continue the appeal of the transfer penalty. The record contains no evidence L.M.'s estate authorized continuation of the appeal.

On September 18, 2017, an attorney representing Future Care moved before the ALJ to amend the petition for a fair hearing to name as petitioner the estate of L.M. by Future Care, as DAR for the estate. In addition, Future Care moved for summary decision of its appeal of the denial of the hardship waiver. The CWA opposed the motion to amend and cross-moved for summary decision on the waiver issue.

In her initial decision, ALJ Calemmo concluded Future Care lacked authority to act on behalf of L.M. or her estate. Relying on N.J.S.A. 46:2B-8.5,

the ALJ concluded R.M.'s power of attorney, through which he appointed Future Care as L.M.'s DAR, terminated on L.M.'s death and that Future Care lacked authority to act on L.M.'s behalf once aware of her death. The ALJ explained, "[a]fter the death of the principal, it is the fiduciary appointed by a will or ordered by the [c]ourt, under the laws of intestacy, who has the authority to act for the decedent. N.J.S.A. 3B:14-23." ALJ Calemmo found that Future Care was not given authority to act on L.M.'s behalf after her death by her estate or by court order.

In addition, the ALJ rejected Future Care's argument that federal regulations permitted it to continue its representation of L.M. after her death. As the ALJ noted, federal regulations are "abundantly clear that anyone authorized to act in place of the actual individual . . . does so only as agent for and on behalf of that individual. The party in interest . . . is always the individual."[2]

On July 20, 2018, the Director, DMAHS issued a final agency decision adopting ALJ Calemmo's initial decision. On the issue of Future Care's standing to continue the appeal on behalf of L.M., the Director noted that although 42

---

[2] Despite her conclusion Future Care lacked authority to represent L.M., the ALJ considered the merits of the appeal and concluded the CWA's denial of a hardship waiver was appropriate.

C.F.R. § 435.923(a)(1) permits an applicant to designate an individual or organization to assist with an application for benefits, a DAR designation "'is valid until . . . there is a change in the legal authority upon which the individual or organization's authority was based.' 42 C.F.R. § 435.923(c)." The Director agreed with the ALJ that R.M.'s designation of Future Care to act on behalf of L.M. terminated with her death and "absent substitution by [L.M.'s] executrix, Future Care is not authorized and 'has no standing to pursue the appeal on behalf of [L.M.].'"[3]

This appeal followed. L.M. raises the following arguments for our consideration:

> POINT I
>
> L.M.'S DESIGNATION OF A MEDICAID AUTHORIZED REPRESENTATIVE SURVIVES HER DEATH.
>
> POINT II
>
> THE REGULATIONS MUST BE READ AND INTERPRETED IN A CONSISTENT MANNER ACCORDING TO THE DOCTRINE OF IN PARI MATERIA.

---

[3] The Director also upheld the AJL's determination that CWA's denial of a waiver was appropriate.

A-6014-17T1

POINT III

THE RIGHT TO PURSUE A[N] [UNDUE HARDSHIP WAIVER] OR SEEK RECOVERY OF ASSETS MAY SURVIVE THE DEATH OF L.M. AND IS NOT REQUIRED BY STATE OR FEDERAL LAW TO OCCUR IN A PARTICULAR ORDER.

POINT IV

L.M.'S TRANSFERRED ASSETS WERE NOT ACCESSIBLE TO L.M. AND WERE TRANSFERRED THROUGH NO FAULT OF HER OWN; THEREFORE, THE TRANSFERRED ASSETS SHOULD HAVE BEEN EXCLUDED FROM L.M.'S MEDICAID ELIGIBILITY DETERMINATION.

II.

"An administrative agency's decision will be upheld 'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 349 (App. Div. 2010) (alteration in original) (quoting In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006)). "[I]f substantial credible evidence supports an agency's conclusion, a court may

7

not substitute its own judgment for the agency's even though the court might have reached a different result." Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992).

"Medicaid is a federally-created, state-implemented program that provides 'medical assistance to the poor at the expense of the public.'" In re Estate of Brown, 448 N.J. Super. 252, 256 (App. Div. 2017) (quoting Estate of DeMartino v. Div. of Med. Assistance & Health Servs., 373 N.J. Super. 210, 217 (App. Div. 2004)); see also 42 U.S.C.A. § 1396-1. To receive federal funding the State must comply with all federal statutes and regulations. Harris v. McRae, 448 U.S. 297, 301 (1980).

Pursuant to the New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5, DMAHS is responsible for administering the Medicaid program in our State. Through its regulations, DMAHS establishes "policy and procedures for the application process . . . ." N.J.A.C. 10:71-2.2(b). "[T]o be financially eligible, the applicant must meet both income and resource standards." Brown, 448 N.J. Super. at 257; see also N.J.A.C. 10:71-3.15; N.J.A.C. 10:71-1.2(a).

Having carefully reviewed the record and applicable legal principles, we conclude the agency's decision is supported by substantial credible evidence in

8

the record as a whole and comports with controlling law. DMAHS must permit Medicaid applicants "to designate an individual or organization to act responsibly on their behalf in assisting with the individual's application and renewal of eligibility and other ongoing communications with the agency." 42 C.F.R. § 435.923(a)(1). The Division also must allow applicants to terminate or modify the appointment of a DAR at any time. 42 C.F.R. § 435.923(c).

"[U]nless the context indicates otherwise" an

> [a]pplicant means an individual whose written application for Medicaid has been submitted to the agency determining Medicaid eligibility, but has not received final action. This includes an individual (who need not be alive at the time of application) whose application is submitted through a representative or a person acting responsibly for the individual.
>
> [42 C.F.R. § 400.203.]

We disagree with Future Care's argument that this regulation permits it to continue the appeal on behalf of L.M. after her death based on R.M.'s authorization of Future Care as her DAR. We see no ambiguity in the regulation's plain language. Medicaid applicants are entitled to be represented by an organization such as Future Care. This is what the CWA permitted here. L.M. was represented by Future Care pursuant to R.M.'s authorization when he held L.M.'s power of attorney.

The regulation does not provide, however, that the designation of a representative by someone holding the applicant's power of attorney survives the applicant's death. As a threshold matter, the regulation provides that an applicant "need not be alive <u>at the time of application</u> . . . ." 42 C.F.R. § 400.203 (emphasis added). Thus, an applicant who is deceased at the time an application is submitted may be represented by a duly appointed fiduciary, such as the administrator of the applicant's estate or a person or organization appointed by the estate's representative. This provision of the regulation is inapplicable here, as L.M. was alive at the time an application was filed on her behalf.

In addition, permitting an applicant to be represented after the applicant's death is not the equivalent of providing that a designation as DAR made while the applicant is alive through a power of attorney remains effective after the applicant's death. To the contrary, 42 C.F.R. § 435.923(c) provides that a DAR appointment terminates when "there is a change in the legal authority upon which [it] was based." It was not arbitrary, capricious, or unreasonable for the Director to apply New Jersey law regarding the expiration of a power of attorney on the principal's death to determine whether there was a change in the legal authority on which Future Care's status as L.M.'s DAR was based. Here, Future Care was appointed L.M.'s DAR by R.M. through a power of attorney that

10

expired on L.M.'s death. Once Future Care was aware of L.M.'s death, its authority as her DAR expired because it was aware R.M.'s authority to execute the DAR had also ended. In addition, there was no legal authority for the Executrix of R.M.'s estate after his death to execute a DAR on behalf of L.M.

Nor do we agree with Future Care's argument that 42 C.F.R. § 405.910(m)(3)(ii), which applies to Medicare appeals, is applicable here. There is no indication in the federal regulations that the rules for processing and appealing applications for Medicare benefits apply in the context of Medicaid. Nor is there support for Future Care's argument that the two sets of regulations should be read in pari materia. To the contrary, given that a Medicare regulation might permit an appeal to proceed in the circumstances present here, the absence of such authority in the corresponding Medicaid regulation might well be indicative of federal authorities having adopted different approaches for the two benefits programs.

To the extent we have not addressed Future Care's remaining arguments, we consider them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). In light of our holding with respect to Future Care's authority to continue L.M.'s appeal, we need not reach the merits of the waiver.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-6014-17T1