**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3838-21

R.R.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and MORRIS
COUNTY OFFICE OF
TEMPORARY ASSISTANCE,

     Respondents-Respondents.

_____

Submitted April 8, 2024 – Decided April 19, 2024

Before Judges Sabatino and Vinci.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

Mandelbaum Barrett, PC, attorneys for appellant (Richard I. Miller, of counsel and on the briefs; Donald A. Dennison III, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Department of Human Services,

Division of Medical Assistance and Health Services (Melissa H. Raksa, Assistant Attorney General, of counsel; Francis Xavier Baker, Deputy Attorney General, on the brief).

John A. Napolitano, Morris County Counsel, and Johnson & Johnson, attorneys for respondent Morris County Office of Temporary Assistance (John A. Napolitano and William George Johnson, on the brief).

PER CURIAM

Petitioner R.R. appeals from the June 14, 2022 final agency decision of the New Jersey Department of Human Services, Division of Medical Assistance and Health Services ("Division") denying his application for retroactive Medicaid benefits for June, July, and August 2021. Based on our review of the record and applicable legal standards, we affirm.

Petitioner, now deceased, suffered from dementia and resided in a nursing facility. On March 10, 2021, he was adjudicated an incapacitated person, and a guardian of the estate was appointed. On April 7, 2021, letters of guardianship were issued. Petitioner's guardian investigated his assets, which included a Toyota Landcruiser and a Chevrolet Corvette. The guardian asked petitioner's wife, who was appointed as guardian of R.R.'s person, to search for both vehicle titles. The titles were not located.

On June 28, 2021, the guardian obtained a duplicate title for the Toyota from the New Jersey Motor Vehicle Commission ("MVC"). On July 12, 2021, petitioner, through his guardian, applied for Medicaid benefits with the Morris County Department of Human Services, Office of Temporary Assistance ("OTA"), requesting retroactive eligibility as of June 1, 2021. Petitioner disclosed his ownership of both vehicles on the application.

On July 28, 2021, the OTA issued a letter confirming receipt of the Medicaid application and requesting further information and documentation. It noted Medicaid regulations allow an exemption for one car but advised it "must consider the value of one car to be a countable resource until it is sold." On August 9, 2021, the guardian sold the Toyota for $6,000, and spent down the proceeds to meet Medicaid eligibility standards.

On December 9, 2021, the OTA issued a second letter requesting further information and documentation to determine petitioner's eligibility for Medicaid. It also advised that his "second car," the Toyota, was countable as an available resource. It reasoned because the funds from the sale of the Toyota were deposited into petitioner's bank account on August 9, 2021, "the earliest eligibility [the OTA] can consider would be [September 1, 2021,] upon

A-3838-21

confirmation that [petitioner] was otherwise eligible at that time." On January 4, 2022, R.R. died.

On January 10, 2022, the OTA issued a third letter, requesting the same information and documentation requested in its previous letter, again noting it considered the Toyota a countable resource. By letter dated January 31, 2022, the OTA determined petitioner was eligible for Medicaid effective October 5, 2021. According to the OTA, petitioner would have been eligible effective September 1, 2021, but it imposed a penalty period of ineligibility of thirty-four-days for transferring resources.[1] The same day, the OTA issued a corresponding Retroactive Notice of Eligibility, denying petitioner's request for retroactive Medicaid benefits for June, July, and August 2021, because petitioner's resources exceeded the $2,000 maximum for Medicaid eligibility set forth in N.J.A.C. 10:71-4.5(c) during those months.

Petitioner requested a Fair Hearing to appeal the OTA's decision, and the Division transmitted the matter to the Office of Administrative Law. On April 21, 2022, an administrative law judge ("ALJ") conducted a telephonic hearing, during which petitioner's guardian and Maira Rogers, the OTA caseworker, testified.

---

[1] Petitioner does not dispute the penalty and it is not a subject of this appeal.

A-3838-21

Petitioner's guardian testified he was the only person with the legal right and authority to sell the vehicles, but he was not able to locate the original titles to the vehicles, and without the titles he was not able to sell the vehicles. He testified, "after [he] got appointed as the guardian of the property[,] [he] made an effort to obtain a replacement title so that . . . the cars . . . could be sold because . . . [he] was aware that the property needed to be sold in order to spend down and qualify for Medicaid." The guardian continued:

> So, I visited the [MVC] in order to get a replacement title. And I did that on June 28, 2021 . . . . And then first I needed to make an appointment [be]cause everything was by appointment only at that point. And I was able to receive the title to the Toyota in person on June 28[] . . . at my visit to . . . [the MVC].

According to Rogers, Medicaid regulations exempt one vehicle from being counted as an available resource, but any additional vehicles are countable as available resources. The OTA determined the Toyota was petitioner's second vehicle and counted toward his available resources. According to Rogers, but for the Toyota petitioner would have been eligible for Medicaid benefits effective June 1, 2021.

On April 29, 2022, the ALJ issued an initial decision affirming the OTA's denial of petitioner's application for retroactive Medicaid benefits. The ALJ concluded the Toyota was countable as an available resource valued at $6,000.

A-3838-21

Because petitioner had available resources in excess of $2,000 in June, July, and August 2021, he was ineligible for benefits during those months. She found petitioner, through his guardian, "did have the right, power[,] and authority to liquidate [the] [Toyota] during the three months predating eligibility" and "only had to request a duplicate title from the MVC in order to do so."

She reasoned:

> [t]he car was a nonliquid resource owned by [petitioner] at the time, and while this resource may not have been available to him when he was adjudicated mentally incapacitated in March 2021, it remained an available resource as [the guardian] became [petitioner's] [g]uardian at that time. While the [g]uardian may not have been legally authorized to sell the [Toyota] without the title, his inability to locate the title of the car alone does not render the resource unavailable.

The ALJ also noted although the guardian "testified that he and [petitioner's wife] looked for the title, there is nothing in the record to suggest that the [g]uardian was unable to present to the [MVC] for a duplicate title months prior to August 2021."

On June 14, 2022, the Division issued a final agency decision adopting the ALJ's initial decision. The Division determined petitioner, through his guardian, "had the right, power[,] and authority to liquidate [the Toyota] during the months of eligibility, whether because he merely had to request a duplicate

6

title or because he in fact held one." Because the guardian obtained the Toyota's duplicate title on June 28, 2021, the Division reasoned he "certainly had the power to liquidate the [Toyota] at least as early as June 2021." It further noted although "the ALJ found that [the guardian] credibly testified to his efforts" to obtain the duplicate title, "there is no documentation in the record to support his testimony or provide a timeline of his attempts to obtain a duplicate title." As a result, the Division determined petitioner "had countable resources in excess of the $2,000 limit for June, July[,] and August 2021" and "there is simply no provision [in the Medicaid regulations] which permits a relaxation of the eligibility date so long as the countable resources exceed the maximum limit."

On appeal, petitioner argues: (1) his available resources fell below the $2,000 resource cap for Medicaid eligibility as of June 1, 2021; and (2) the Division's decision was arbitrary and capricious because it did not fairly and predictably apply the regulations. More particularly, petitioner argues the guardian could not sell the Toyota until he had the duplicate title, and he did not obtain the title from the MVC until June 28, 2021. Therefore, the Division's determination that he had the legal right, authority, or power to sell the Toyota prior to June 1, 2021, was arbitrary, capricious, and unreasonable.

A-3838-21

"This court's review of [the Division's] determination is ordinarily limited." C.L. v. Div. of Med. Assistance & Health Servs., 473 N.J. Super. 591, 597 (App. Div. 2022). "An administrative agency's decision will be upheld 'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 349 (App. Div. 2010) (alteration in original) (quoting In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006)).

"Deference to an agency decision is particularly appropriate where interpretation of the [a]gency's own regulation is in issue." I.L. v. N.J. Dep't Hum. Servs., Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006). "Nevertheless, we are 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" C.L., 473 N.J. Super. at 598 (quoting R.S., 434 N.J. Super. at 261).

"Medicaid is a federally-created, state-implemented program that provides 'medical assistance to the poor at the expense of the public.'" In re Est. of Brown, 448 N.J. Super. 252, 256 (App. Div. 2017) (quoting Est. of DeMartino v. Div. of Med. Assistance & Health Servs., 373 N.J. Super. 210, 217 (App. Div. 2004)); see also 42 U.S.C. § 1396-1. To receive federal funding, the State must comply with all federal statutes and regulations. Harris v. McRae, 448 U.S. 297, 301 (1980).

In New Jersey, the Medicaid program is administered by the Division pursuant to the New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5. Through its regulations, the Division establishes "policy and procedures for the application process . . . ." N.J.A.C. 10:71-2.2(b). "[T]o be financially eligible, the applicant must meet both income and resource standards." Brown, 448 N.J. Super. at 257; see N.J.A.C. 10:71-3.15; N.J.A.C. 10:71-1.2(a).

To be financially eligible for Medicaid, an applicant's total countable resources cannot exceed $2,000. N.J.A.C. 10:71-4.5(c). A resource is "any real or personal property which is owned by the applicant []or by those persons whose resources are deemed available to him or her . . . and which could be converted to cash to be used for his or her support and maintenance." N.J.A.C.

10:71-4.1(b). Only "available" resources are counted in determining eligibility. N.J.A.C. 10:71-4.1(c). A resource is considered "available" to an applicant if "[t]he person has the right, authority or power to liquidate real or personal property or his or her share of it." N.J.A.C. 10:71-4.1(c)(1).

Certain resources are classified as excludable in determining eligibility. N.J.A.C. 10:71-4.4(b). For example, "[o]ne automobile is totally excluded regardless of value if it is used for transportation for the individual or a member of the individual's household." N.J.A.C. 10:71-4.4(b)(2)(i). "Any other automobiles shall be considered to be non-liquid resources." N.J.A.C. 10:71-4.4(b)(2)(ii). Resources "which are not accessible to an individual through no fault of his or her own" are also excluded from the eligibility determination. N.J.A.C. 10:71-4.4(b)(6). "Resource eligibility is determined as of the first moment of the first day of each month." N.J.A.C. 10:71-4.1(e).

We are satisfied the Division's decision is amply supported by the record and was not arbitrary, capricious, or unreasonable. Petitioner's contention that his guardian did not have the legal right, power, or authority to sell the Toyota because he could not locate the original title is not convincing. As the Division concluded, the guardian had the legal authority and power to obtain a duplicate

10

title and sell the Toyota upon his appointment as guardian on March 10, 2021.[2] Petitioner does not offer any explanation for the guardian's delay in obtaining the duplicate title and, as the Division noted, failed to proffer any evidence to establish a "timeline of his attempts to obtain a duplicate title."

As the Division properly concluded, the Toyota was personal property that could have been sold "at least as early as June 2021," but was not sold because petitioner, through his guardian, did not take the first step necessary to effectuate the sale until June 28, 2021. There is no evidence in the record to support petitioner's contention that a duplicate title could not be obtained before June 28, 2021, nor is there any evidence to support petitioner's contention that the delay was "through no fault of [his own]." Even if, as petitioner contends, he could only obtain the duplicate title from the MVC by appointment, he offers no explanation as to why he did not make an appointment before June 28, 2021. Petitioner failed to meet his burden to demonstrate the Division's determination was arbitrary, capricious, or unreasonable. Petitioner's contention that the Division's decision violates "the spirit of" our Supreme Court's decision in

---

[2] The guardian had the authority and power to obtain a duplicate title, at the latest, as of April 7, 2021, when the letters of guardianship were issued.

Metromedia, Inc. v. Director, Division of Taxation, 97 N.J. 313, 327 (1984), lacks merit for the same reasons.

The Division's decision is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). To the extent we have not otherwise addressed petitioner's arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3838-21